## ST. LAWRENCE SUGAR REFINERIES, Limited, v. UNITED STATES.

### THE LAKE ECKHART.

District Court, S. D. New York. February 5, 1924.

Duncan & Mount, of New York City (Joseph K. Innes, of New York City, of counsel), for libelant.

Wm. Hayward, U. S. Atty., of New York City (Carver W. Wolfe, Sp. Asst. to U. S. Atty., of New York City, of counsel), for the United States.

KNOX, District Judge. Libelant was the charterer of respondent's steamer Lake Eckhart. The steamer was engaged "for a voyage from Macoris and/or San Domingo, San Domingo, to Antwerp, or so near thereunto as she may safely get." Libelant undertook to supply a full cargo of approximately 21,000 bags of sugar.

The vessel went to the quay at San Domingo, and there loaded 13,363 bags of sugar. When this was done, her master informed the shipper that the remaining 6,137 bags of the intended cargo could not be taken on board where she then lay, owing to the fact that, if she did so, her draft would be such as to make it impossible to cross the bar at the mouth of the harbor. The master further stated the balance of the sugar might be taken aboard outside the bar. Weather conditions prevented further loading. For the shortage of cargo, thus occasioned, the master demanded the sum of $27,493.76 by way of dead freight. He threatened, if the same were not paid, that a lien would be enforced upon the cargo at Antwerp. In order to avoid an attachment of cargo, and consequent delays, the libelant, under protest, made payment as demanded. In this suit, it is sought to recover the money. Respondent excepts to the libel upon the ground that it fails to set forth a cause of action cognizable within the admiralty and maritime jurisdiction of the court.

Among the terms of the charter, the following provisions are to be found:

"4. The act of God, restraint of Princes and Rulers, the steamer's enemies, fire and all and every other dangers and accidents of the seas, rivers and steam navigation of what nature and kind soever, and all and every other unavoidable hindrances which may prevent the loading and delivery during the said voyage, always mutually excepted."

"13. Lay days if required by Charterers, not to commence before August 30th, 1919, and should the steamer not be ready for cargo at her loading port on or before September 25th, 1919, the Charterers or their agents to have the option of canceling this Charter Party at any time not later than the day of steamer's readiness."

The vessel did not reach San Domingo until October 4, 1919, but as charterers were anxious to ship the cargo, the option of cancellation was not exercised.

Libelant's position is that the vessel was required to load at San Domingo, and if she could not there take on a full cargo, the fault was not to be attributed to the shipper, who was also not liable for weather conditions.

Respondent concedes that if it were seeking to collect for dead freight, the action would be within the admiralty jurisdiction. It is contended, however, that libelant is merely endeavoring to enforce an implied promise to repay money improperly exacted, and as the agreement does not in terms pro-

vide for such repayment, there is no relief to be had in this branch of the court.

In my opinion, a shipowner is not to be permitted, after the partial execution of a valid charter party, and after a shipper is placed in a position in which, as a practical matter, it is impossible to do otherwise than submit to an improper exaction of money, to deny that the admiralty is without jurisdiction to pass upon the rights of the parties.

Such doctrine, even if it exists under any circumstances, cannot here be adopted, and for this reason: If libelant, as a matter of fact and of law, was not bound to pay for dead freight, the refusal and failure of the master of the Lake Eckhart to carry and deliver the loaded cargo according to the terms stipulated in the charter party constituted a breach of a maritime contract of which this court has jurisdiction. The money improperly exacted represents the damages sustained by libelant through respondent's failure to carry out its agreement.

Libelant has chosen the admiralty within which to seek relief, and this court being competent to afford a remedy, it is unnecessary to consider if other remedies are elsewhere available.

The exceptions to the libel will be overruled.